Filed 11/15/24  P. v. Aguilar CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANGEL GEORGE AGUILAR,<br><br>    Defendant and Appellant. | G063297<br><br>(Super. Ct. No. 21WF1905)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed, as modified.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A.

Swenson and Monique Myers, Deputy Attorneys General, for Plaintiff and Respondent.

* * *

A jury convicted defendant Angel George Aguilar of one count of oral copulation with a child 10 years old or younger (Pen. Code, § 288.7, subd. (b) [count 1]),[1] and one count of sodomy with a child 10 years old or younger (§ 288.7, subd. (a) [count 2].) The trial court sentenced Aguilar to 25 years to life in prison. Aguilar contends the evidence at trial was insufficient to support his conviction on count 2. We disagree and affirm the judgment but strike certain fines the Attorney General concedes were erroneously included on the abstract of judgment.[2]

STATEMENT OF FACTS

Aguilar, an adult, sexually assaulted D.V., his cousin, several times a week over a one year period when D.V. was eight and nine years old and in the third grade. Among other things, the jury heard evidence Aguilar had forced D.V. to orally copulate Aguilar, one time by forcefully grabbing D.V. around the neck causing D.V. to suffer severe pain; ejaculated in D.V.'s mouth; forced D.V. to touch Aguilar's penis; masturbated in D.V.'s presence to ejaculation; took D.V.'s clothes off and touched D.V.'s penis; forced D.V.'s

---

[1] All further statutory references are to the Penal Code.

[2] These fines include: (1) a $300 restitution fine imposed pursuant to section 1202.4, subdivision (b), (2) a $300 parole revocation restitution fine pursuant to section 1202.45, (3) a $80 court security fee, and (4) a $60 criminal conviction assessment. At sentencing, the trial court waived all fines and fees Aguilar normally would have to pay through the Department of Corrections and Rehabilitation, so we agree these fines must be stricken from the abstract of judgment.

2

face into a pillow and pinned his body down, immobilizing him, while Aguilar attempted to sodomize him; and sodomized him.

DISCUSSION

Aguilar contends there was insufficient evidence from which the jury could convict him of sodomy. Specifically, he argues the record does not contain substantial evidence that he ever penetrated D.V.'s anus. We disagree.

"In assessing the sufficiency of the evidence, we review the entire record to determine whether *any* rational trier of fact could have found the defendant guilty beyond a reasonable doubt." (*People v. Paz* (2017) 10 Cal.App.5th 1023, 1039.) "'The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'" (*Ibid.*) "In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably deduce from the evidence." (*Ibid.*) "[U]nless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

The crime of sexually penetrating a child is set forth in section 288.7, which states, "Any person 18 years of age or older who engages in . . . sodomy . . . with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 25 years to life." (*Id.*, subd. (a).) "Sodomy is sexual conduct consisting of contact between the penis of one person and the anus of another person. Any sexual penetration, however slight, is sufficient to complete the crime of

3

sodomy." (§ 286, subd. (a).) Section 289, subdivision (k)(1), defines sexual penetration, in relevant part, as "the act of causing the penetration, however slight, of the . . . anal opening." [3] (*Ibid.*; see *People v. Paz, supra,* 10 Cal.App.5th at p. 1033.) The term anal opening has been broadly defined to include "the perianal folds [that] radiate from the anus [and] comprise the outer boundary of the anus." (*People v. Paz, supra,* at p. 1037.) "[M]ere penetration of the buttocks is **not** sufficient to establish penetration of the anal opening." (*Id.* at p. 1038.) The crime of sodomy "requires penetration past the buttocks and into the perianal area but does not require penetration beyond the perianal folds or anal margin." (*Ibid.*)

In this case, there is no question substantial evidence supported the jury's guilty verdict on count 2. D.V. testified that once or twice, Aguilar's penis actually went inside his anal opening. D.V. testified it hurt. The jury also watched the video of D.V.'s CAST interview [4] and received copies of the written transcript. Consistent with his trial testimony, D.V. had told the CAST interviewer that Aguilar "put it – like, he pulled it all the way in," that Aguilar had "put it through the hole," and that it "hurt really bad," and "he always tries to do it until it hurts." The CAST interviewer asked him to explain more about where it was hurting. D.V. responded "My butt hole." D.V. told the CAST interviewer it happened two times and the rest of the

---

[3] There is no issue raised on appeal regarding the trial court's instructions to the jury regarding count 2. The court properly instructed the jury that "[s]odomy is any penetration, no matter how slight, of the anus of one person by the penis of another person." (CALCRIM No. 1127.)

[4] CAST stands for Child Abuse Services Team, which is a team of professionals who investigate an allegation of abuse. A CAST interview is a recorded interview of a child by a forensic interviewer.

4

times Aguilar attempted to penetrate his anal opening, D.V. would clench his butt cheeks to prevent him from doing so.

This evidence was sufficient for the jury to have concluded Aguilar's penis penetrated D.V.'s anus, supporting a guilty verdict on count 2.

## DISPOSITION

The judgment is modified to strike the $300 restitution fine, the $300 parole revocation restitution fine, the $80 court security fee and the $60 criminal conviction assessment. As so modified, the judgment is affirmed.

The clerk of the trial court is directed to prepare an amended abstract of judgment striking these fines and to send a copy of the amended abstract to the Department of Corrections and Rehabilitation.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

5